ELIZABETH COONEY, PLAINTIFF-APPELLEE, v. HUDSON AND MANHATTAN RAILROAD COMPANY, DEFEND-ANT-APPELLANT.

Submitted May 13, 1927—Decided August 26, 1927.

Negligence—Injury to Railway Passenger Because of Alleged Unsafe Condition of One of Railroad Company's Station Platforms—Held, That Judge's Instruction Placed Upon Appellant a Greater Degree of Care Than That Imposed by Law —Judgment Reversed.

On appeal from the Second Judicial District Court, Hudson county.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Charles W. Broadhurst.*

For the appellee, *Deghin & Ormsby.*

PER CURIAM.

Appellee brought suit to recover damages for personal injuries resulting from an alleged defective condition of the station platform of appellant at the Journal Square station in Jersey City. She had a verdict for $100, which was set aside as inadequate, and upon a retrial as to damages only had a verdict for $250. From the judgment entered thereon this appeal is taken and the sole ground for reversal is directed at the following portion of the court's charge: "Now,

in this case the plaintiff is bringing her action against the defendant because there was a defective condition in the platform or a condition of disrepair or unsafe condition for the passengers who were using that platform to pass over. The sole question, therefore, for you to determine is whether or not such a condition which was unsafe, or such a state of disrepair existed there, which the company had notice of which would endanger anyone who was using that platform, endangering his life or limb or in anywise interfering with what he thought might be a safe condition. Now, the court instructs you that if you find there was such a condition and that this condition was proximately caused by the defendant's failure to keep its platform in a good state of repair and in safe condition for its passengers, then your verdict should be in favor of the plaintiff."

Obviously, such instruction placed upon the appellant a greater degree of care than that imposed by law, namely, reasonable care to keep and maintain its platform in a condition reasonably safe for use by persons exercising, upon their own behalf, reasonable care in the use thereof.

The judgment below must therefore be reversed, with costs.